UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------
YISROEL LIPSKIER
on behalf of himself and
all other similarly situated consumers

                                      Plaintiff,

          -against-

ZWICKER & ASSOCIATES, P.C.

                                   Defendant.

----------------------------------------------------------

# CLASS ACTION COMPLAINT

## *Introduction*

1. Plaintiff Yisroel Lipskier seeks redress for the illegal practices of Zwicker & Associates, P.C., concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

## *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Andover, Massachusetts.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

*Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Yisroel Lipskier*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about December 30, 2017, Defendant sent the Plaintiff collection letters seeking to collect a balance allegedly incurred for personal purposes regarding respective accounts purportedly owed to American Express.

11. The said letters identified the amount owing by saying: "As of the date of this letter you owe . . ." words that imply that the balance may increase at a later stage.

12. In other words, the said language implies that **as of the date of the said letters**, the Plaintiff owes the amounts stated in the respective letters, and that the balance may change as interest or other charges may be added to the balance owed in the future.

13. The fact that no interest was accruing as of the date of the said letters, and that no charges or fees had accrued, the language of "As of the date of this letter you owe . . ." only serves to confuse the least sophisticated consumer as to whether interest, fees or other charges may be added to the respective balances in the future.  See Chuway v. National Action Financial Services, 362 F.3d 944 (7th Cir.2004). (Letter stating the balance but inviting the debtor to call to obtain "the most current balance information" creates doubt as to whether the balance stated is increasing and violates the FDCPA

unless an explanation is provided.)

14. While it is typical for collection letters to state an "amount due" or a "current balance", it is not typical for a letter to state that the amount owed is as of a specific date as such language would imply the potential of a different balance on a different date.  See Islam v. Am. Recovery Serv., 2017 U.S. Dist. LEXIS 180415 ("The language in the collection letter "as of the date of this letter" suggests that the debt is in a dynamic state — "as of the date" suggests that on a different date, the amount of the debt may be different — and, of course, anyone would understand that it won't get any smaller without payment. But the undisputed fact is that, contrary to this suggestion, the amount of this debt will never be different, never get greater. The debtor has therefore been subtly incentivized to pay now to avoid paying more later, when, in fact, there never would be "more later." Defendant receives money that it might not have received but for the language "as of the date of this letter." The debtor has thus been misled or deceived.")

15. If the Defendant had intended to add interest, fees or other charges onto these accounts, then it is bound to disclose that the balance may increase due to interest and fees. See Avila v. Riexinger & Associates, LLC, 817 F.3d 72, (2d Cir. 1016).

16. The sole purpose of the Defendant's statement "As of the date of this letter you owe . . ." was to coerce the Plaintiff into paying immediately.

17. The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is

embodied in Section 1692e.

18. Collection notices that state only the balance due, but do not disclose that the balance might increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

19. The Defendant violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the amount of the debt owed by the Plaintiff.

20. 15 U.S.C. § 1692e of the FDCPA provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of --
>
> (A) the character, amount, or legal status of any debt; or
>
> (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

21. 15 U.S.C. § 1692g of the FDCPA provides:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-
>
> (1) the amount of the debt.

22. The Defendant failed to provide the consumer with the actual amount of the debt in its initial communications with the Plaintiff.[1]

23. The said letters are standardized form letters.

---

[1] Beauchamp v. Fin. Recovery Services, Inc., 2011 U.S. Dist. LEXIS 25512, 2011 WL 891320, at *2 (S.D.N.Y. Mar. 14, 2011). (Ultimately, the critical question [in determining whether a communication violates the F.D.C.P.A.] is . . . whether the notice fails to convey the required information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to the [6] meaning of the message. . . . letter may, in violation of 15 U.S.C. § 1692g, make the least sophisticated consumer uncertain as to her rights and confused about the total amount she owes where the "[l]etter provides that the outstanding balance may increase".)

24. Upon information and belief, the Defendant's collection letters, such as the said collection letters, number in the hundreds.

25. Defendant's letters are in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(10), 1692g and 1692g(a)(1) for failing to clearly state the amount of the debt which is due and owing, by implying that a payment sooner rather than later will be more economical for the consumer and by employing false, deceptive and misleading representations in connection with the collection of a debt.

26. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

27. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

28. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

29. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

30. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

31. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

32. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of

his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

33. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

34. As an actual and proximate result of the acts and omissions of Zwicker & Associates, P.C., Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

35. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty four (34) as if set forth fully in this cause of action.

36. This cause of action is brought on behalf of Plaintiff and the members of a class.

37. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letters sent to the Plaintiff on or about December 30, 2017; and (a) the collection letters were sent to a consumer seeking payment of a personal debt purportedly owed to American Express; and (b) the collection letters were not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letters contained violations of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692g and 1692g(a)(1) for failing to clearly state the amount of the debt which is due and owing, by implying that a payment sooner rather than later will be more economical for the consumer and by employing false, deceptive and misleading representations in connection with the collection of a debt.

38. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A. Based on the fact that form collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

   D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

   E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

39. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of

inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

40. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

41. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

42. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

43. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

    A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

    C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
March 22, 2018


     /s/ Adam J. Fishbein
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.


     /s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)

P.O. Box 9013
Andover, MA 01810

00254



**Zwicker & Associates, P.C.**
Attorneys At Law

THIS LAW FIRM
EMPLOYS ONE OR
MORE ATTORNEYS
ADMITTED TO
PRACTICE IN THE
FOLLOWING
STATES:

70427-2A  1***AUTO**MIXED AADC 350
Yisroel Lipskier

ALASKA
ARIZONA
CALIFORNIA
COLORADO
CONNECTICUT
FLORIDA
GEORGIA
IDAHO
ILLINOIS
INDIANA
KENTUCKY
MARYLAND
MASSACHUSETTS
MICHIGAN
MINNESOTA
NEW JERSEY
NEW HAMPSHIRE
NEW YORK
NORTH CAROLINA
OHIO
OREGON
PENNSYLVANIA
RHODE ISLAND
SOUTH CAROLI
TENNESSEE
TEXAS
VERMONT
VIRGINIA
WASHING
WEST V
DISTRI
COLUN

<u>Personal and Confidential</u>

12/30/2017
File ID: ▮▮▮26
Creditor: American Express
Account number ending in: 51002¹,²          Balance: $6,405.65

Dear YISROEL LIPSKIER:

This law firm has been retained by the above-named creditor to assist it in the collection of the funds you owe on the above-referenced account. As of the date of this letter, you owe $6,405.65.

As of this time, no attorney with this firm has personally reviewed the particular circumstances of your account. This letter is not a threat of suit and should not be construed to be a threat of suit.

*Please note that unless you dispute said debt, or any portion thereof, within thirty (30) days after your receipt of this letter, this office shall assume the validity of this debt. Upon your written notification within such thirty-day period that this debt, or any portion thereof, is disputed, this office shall obtain verification of the debt or a copy of a judgment, if any, against you and mail you a copy of such verification or judgment. Furthermore, upon your written request within said thirty-day period, this office shall provide you with the name and address of the original creditor, if different from the current creditor.*

Please contact this office to discuss repayment with one of our non-attorney account representatives.

<u>Please see the reverse side of this letter for important notices concerning your rights.</u>

Sincerely,

ZWICKER & ASSOCIATES, P.C.

¹ This firm is a debt collector.
² This firm is attempting to collect a debt and any information obtained will be used for that purpose.

***PLEASE SEND ALL PAYMENTS AND CORRESPONDENCE TO THE ADDRESS BELOW***
**Zwicker & Associates P.C.** ◆ 80 Minuteman Rd ◆ Andover, Massachusetts 01810-1008
Tel: 800-594-7323 ◆ NY City and Yonkers Residents Only: (877) 368-4531

